An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

MARY J. GREEN, AS AN INDIVIDUAL AND WIFE AND HEIR OF THE DECEASED, RONALD M. GREEN, AND AS THE SPECIAL ADMINISTRATOR OF THE ESTATE OF RONALD M. GREEN,
Appellant,
vs.
JENNIFER HORNBACK, M.D.; AND RENO FAMILY PHYSICIANS, LTD., A NEVADA PROFESSIONAL CORPORATION,
Respondents.

No. 65857

FILED

OCT 1 6 2015

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a district court summary judgment, certified as final under NRCP 54(b), in a medical malpractice action. Second Judicial District Court, Washoe County; Elliott A. Sattler, Judge.

The district court granted summary judgment in favor of respondents on the basis that appellant's claims against respondents were filed after the expiration of the statute of limitations. Having reviewed the parties' briefs and joint appendix, we conclude that the district court erred in finding that NRS 41A.097(2)'s one-year statute of limitations barred appellant's claims against respondents. *See Winn v. Sunrise Hosp. & Med. Ctr.*, 128 Nev., Adv. Op. 23, 277 P.3d 458, 462-63 (2012)

15-31599

(concluding that the accrual date for NRS 41A.097(2)'s one-year statute of limitations ordinarily presents a question of fact to be decided by the jury, and a district court may make such a determination as a matter of law only when evidence irrefutably demonstrates the accrual date); *Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (holding that this court reviews summary judgments de novo and summary judgment is only appropriate if the pleadings and other evidence on file, viewed in the light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact remains in dispute).

The medical records show that the cause of appellant's husband's death was not known by the doctors on the day that he died, June 11, 2011, and that appellant did not become aware of the cause of his death until July 2011 when she received the death certificate. Although appellant testified that she felt on the day that he died that something more could have been done for her husband, she also testified that it was not until she received the death certificate that she believed her husband had been misdiagnosed by respondent Dr. Hornback. This court has previously concluded that the failure to provide an explanation for cause of death is not an acknowledgement of negligence, and that "it is unlikely that an ordinarily prudent person would begin investigating whether a cause of action might exist" the same day they are informed of the death or serious injury of their loved one. *Winn*, 128 Nev., Adv. Op. 23, 277 P.3d at 463. Therefore, as the evidence does not irrefutably demonstrate that appellant discovered her claim on the date of her husband's death, the district court erred in finding as a matter of law that the claims against respondents filed on June 21, 2012, were "filed more than a year after

[appellant] acquired the necessary knowledge to trigger the [one-year] limitations period." Accordingly, we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[1]

_____, J.
Saitta

_____, J.
Gibbons

_____, J.
Pickering

cc:     Hon. Elliott A. Sattler, District Judge
        J. Douglas Clark, Settlement Judge
        Law Offices of Steven F. Bus, Ltd.
        Alverson Taylor Mortensen & Sanders
        Piscevich & Fenner
        Washoe District Court Clerk

_____

[1]In light of this order, we need not address the other arguments raised by the parties, which were also not addressed by the district court.